OPINION
Defendant-appellant, Midwest Mutual Insurance Company, appeals a decision by the Clermont County Court of Common Pleas. The trial court found that appellee, Administratrix of the Estate of Robert Fultz II, is entitled to appellant's underinsured motorist coverage of $25,000. We affirm.
On December 3, 1988, Robert Fultz II ("decedent") was killed in a one car collision while riding as a passenger in a motor vehicle operated by Michael Routt ("tortfeasor"). The tortfeasor had a policy with State Farm Mutual Insurance Company ("State Farm") with maximum coverage of $100,000 per person or $300,000 per accident. Decedent had two insurance policies with appellant that included a maximum underinsured/uninsured motorist coverage of $12,500 per person or $25,000 per accident.
Appellee sought recovery from State Farm for damages of $300,000, the maximum amount of coverage per accident. The trial court ruled on December 2, 1991 that State Farm's limit of liability was the $100,000 per person limit. The court stated that State Farm had "no obligation to pay any amount in excess of One Hundred Thousand Dollars." We affirmed the trial court's decision in Fultz v. State Farm Mut. Auto. Ins. Co. (July 20, 1992), Clermont App. No. CA91-12-101, unreported. Appellee appealed to the Supreme Court of Ohio, which overruled appellee's motion for jurisdiction in Fultz v. State Farm Mut. Auto. Ins. Co. (1992), 65 Ohio St.3d 1459.
After the supreme court's decision, appellee sought recovery from appellant. The trial court ruled on July 3, 1996, that appellee was entitled to the $25,000 per accident limit provided by the underinsured/uninsured motorist coverage with appellant. Appellant appeals and asserts one assignment of error:
 THE TRIAL COURT COMMITTED ERROR THAT WAS PREJUDICIAL TO DEFENDANT-APPELLANT WHEN IT FOUND THAT PLAINTIFF-APPELLEE WAS ENTITLED TO THE $25,000 PER ACCIDENT LIMIT PROVIDED IN THE UNINSURED/UNDERINSURED COVERAGE UNDER ONE OF ITS POLICIES.
Appellant claims that appellee has not exhausted all remedies against the tortfeasor's State Farm policy. Appellant claims that appellee settled the wrongful death claim by accepting only $100,000 from State Farm, and is therefore not entitled to any amount from the decedent's underinsured coverage.
The trial court found that appellee "did not settle with the tortfeasor's insurance company for $100,000, but rather accepted the maximum policy limit as determined by the Twelfth District Court of Appeals * * *." Appellee accepted the maximum policy limit only after the trial court's ruling, our affirmance, and the Supreme Court of Ohio's refusal to grant appellee's motion for jurisdiction.
Appellant's claim that appellee could have recovered more than $100,000 from State Farm is without merit and against our finding in Fultz v. State Farm Mut. Auto. Ins. Co. (July 20, 1992), Clermont App. No. CA91-12-101, unreported. Appellant asserts that appellee could have filed a motion for reconsideration in the Ohio Supreme Court after it refused to accept jurisdiction. However, appellant cites no authority, nor has our research found any authority, stating that appellee needed to file and be denied a motion for reconsideration under S.Ct.Prac.R. XI(2)(A)(1) in order to accept the tortfeasor's maximum policy limit and also be entitled to underinsured coverage. Further, appellee may not have had a valid basis for a motion for reconsideration; such motion "shall not constitute a reargument of the case." S.Ct.Prac.R. XI(2)(A).
Appellant's reliance on Williams v. Great America Insurance (Jan. 24, 1996), Hamilton App. No. C-940644, unreported, is misplaced. The Williams case and the present case differ in that the parties in Williams settled for only $100,000 of $300,000 "that they were entitled to receive from the tortfeasor's carrier." Id. In the present case, appellee had no such entitlement from State Farm.
"[P]ursuant to former R.C. 3937.18, an underinsurance claim must be paid when the individual covered by an uninsured/underinsured policy suffers damages that exceed those monies available to be paid by the tortfeasor's liability carrier." Cole v. Holland (1996), 76 Ohio St.3d 220, 225.[1] A person that collects the full amount allowed under the tortfeasor's insurer is "entitled to collect up to the full limits of their underinsurance policy to the extent that their damages exceed the amounts which the tortfeasor's insurer has already paid them." Savoie v. Grange Mut. Ins. Co. (1993),67 Ohio St.3d 500, 509.
In the present case, appellant collected the full amount allowed under decedent's State Farm policy. Appellee is therefore entitled to collect up to the full limit from appellant to the extent that the amount of damages exceeds the amount already paid by State Farm. Appellant's sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] Former R.C. 3937.18 applies in this case because the cause of action arose prior to October 20, 1994. Cole v. Holland (1996), 76 Ohio St.3d 220, 225.